(16 Misc. Rep. 368.)

### SANSONE v. ALEXANDER et al.

(Supreme Court, Appellate Term, First Department. March 23, 1896.)

NEGOTIABLE INSTRUMENT—ORDER ON AGENT—ACCEPTANCE AND TRANSFER.

An order given by a landlord to an agent for the collection of rent, directing him to pay to bearer rent due on a certain date, is an equitable assignment of such rent; and when the order is accepted by the agent, and transferred to a third party for value, it is irrevocable, and the holder has the right to recover upon it against the acceptor.

(Syllabus by the Court.)

Appeal from district court, Second district.

Action by Francisco Sansone against William A. Alexander and another. Judgment for defendants, and plaintiff appeals. Reversed.

The action was brought against the defendants as acceptors of the following statement:

"Alexander & Alexander, Real Estate and Loans, 246 Fifth Ave. (Cor. 28 St.)
"New York, July 24th, 1895.

"My Dear Sir: Please pay to bearer the rent due August 24th, amounting to $38.00.　　　　　　　　　　　　　　Laura V. Brewster.
"We accept this.　　　　　　　　　　　　Alexander & Alexander."

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Pierre M. Brown, for appellant.

Russell Lord Tarbox, for respondents.

DALY, P. J. It can be inferred from the evidence that the defendants were the agents of Mrs. Laura V. Brewster to collect the rent mentioned in the order; that she drew the order in question, and gave it to her husband, who procured its acceptance by the defendants; that the plaintiff agreed, in her presence, to advance the amount to her husband, and received the draft from him; and, before discounting it, took it to the defendants, who admitted their

acceptance, and promised to pay the draft; whereupon plaintiff advanced the money to Mr. Brewster. Plaintiff presented the draft at maturity, and was told that the rent had been collected and paid over, the day before, to Mrs. Brewster. The trial judge dismissed the complaint, holding that Mrs. Brewster had the right to revoke the order, and collect the rent herself, and that defendants were bound to pay it to her, and could not be held liable upon their acceptance. The plaintiff contended that the order was an equitable assignment of the rents by Mrs. Brewster to the bearer and his transferee, and was irrevocable.

The position of the plaintiff was undoubtedly correct. The object of the order was to transfer the right to the accruing rents, and no more effective form of assignment could be devised than an order upon the collection agents to pay them over. When this order was accepted and delivered for value, the right to revoke it was gone. Munger v. Shannon, 61 N. Y. 251, was an action against the acceptor of the following instrument:

"Mr. Harrison Shannon: You will please pay to Messrs. Wilken & Hair the amount of a note for $2,000, dated December 31, 1868, and deduct the same from my share of the profits of our partnership business in malting. Note made by myself as principal to the order of myself, and indorsed by Nathan Randall and Herrick Munger. [Signed] L. A. Gulick, per E. Gulick. January 26th, 1869. Indorsed: Accepted February 6th, 1869. H. Shannon."

The court held that the paper was not a bill of exchange, but was an equitable assignment of sufficient of the profits to pay the note, and was irrevocable as soon as assented to by the defendant, so far as to require him to appropriate the profits, if any, to its payment. That order was conditional upon the existence of profits, as the order in this case was conditional upon the collection of rents by the defendants, and the doctrine of the case fully sustains the claim of the plaintiff.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.